79 F.3d 1167
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
James R. DUNWORTH, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 96-3043.
 United States Court of Appeals, Federal Circuit.
 March 8, 1996.
Rehearing Denied April 17, 1996.
 
 Before RICH, MAYER, and SCHALL, Circuit Judges.
 PER CURIAM.
 
 
 1
 James R. Dunworth, a Panama Canal pilot employed by the Panama Canal Commission, appeals an initial decision of the Merit Systems Protection Board, No. DC0831950327-I-1 (June 5, 1995), affirming the decision of the Office of Personnel Management on reconsideration. The Office of Personnel Management affirmed its earlier decision denying Dunworth's request that Civil Service Retirement System deductions be withheld from the bonus portion of his total pay. The board's initial decision became final on October 11, 1995, when the full board denied his petition for review. We affirm.
 
 
 2
 We review the board's decisions under a narrow standard. We must affirm a decision of the board unless it is demonstrated to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1994).
 
 
 3
 Under the relevant statute, "basic pay" for purposes of the Civil Service Retirement System does not include "bonuses, allowances, overtime pay, military pay, pay given in addition to the base pay of the position as fixed by law or regulation except as provided by subparagraphs (B), (C), (D), and (E) of this paragraph...." 5 U.S.C. § 8331(3) (1994).
 
 
 4
 Dunworth essentially argues that because "bonus pay" comprises a sizeable portion of his income, and because he regularly receives such bonuses, their true nature is that of "basic pay." We disagree. The considerations upon which Dunworth focuses his argument are not a part of the statutory scheme. Section 8331 makes clear that bonus pay is not included in the computation of an employee's basic pay for purposes of determining his contribution to the Civil Service Retirement and Disability Fund, and thus that they should not be included in the computation of basic pay for the purpose of withholding retirement contributions. We see no error in the board's treatment of this issue.